IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No. 5:21-CR-383 (DNH) <br> ) <br> ) |
| v. | ) **GOVERNMENT'S SENTENCING** <br> ) **MEMORANDUM** |
| **ERIC ARES,** | ) <br> ) <br> ) |
| **Defendant.** | ) |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a sentence of 120 months imprisonment, order the payment of a special assessment of $200, a term of supervised release of at least 5 years, and a forfeiture money judgment of $150,000.

The Government contends that this sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553.

## INTRODUCTION

On December 7, 2022, the defendant entered a plea of guilty to Count 1 and 21 of Indictment 21-CR-383. Count 1 charges that, from on or about May 2020, through on or about October 2021, the defendant conspired with other known and unknown to knowingly and intentionally distribute and possess with intent to distribute one or more controlled substances, which violation involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. § 846, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Count 21 charges that on or about October 20, 2021, the defendant knowingly and intentionally

1

possessed with intent to distribute N-phenyl-n[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, §§ 841(a)(1) and (b)(1)(C). The defendant is scheduled to be sentenced on April 11, 2024, in Utica, New York.

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum and Minimum Sentences**

The government agrees with the recitation of the statutory maximum and minimum terms of incarceration, supervised release, and fines set forth in the presentence investigation report ("PSR"). (Dkt. No. 174).

**2.      Factual Description**

The government agrees with the recitation of the relevant factual information regarding the defendant's conduct as set forth in the PSR.

**3.      Guidelines Provisions**

**a.      Plea Agreement**

The parties entered into an agreed upon disposition pursuant to Fed. R. Crim. P. 11(c)(1)(C). The parties agreed that the sentence of 120 months of imprisonment is the appropriate disposition of this case.

**b.      Base Offense Level and Special Offense Characteristics**

The government agrees with the guideline calculations set forth in the PSR, both as to the offense level and the defendant's criminal history score.

**c.      Guidelines Range and Sentence**

The government agrees with the PSR's calculation of the guidelines imprisonment range in this case.

## GOVERNMENT'S SENTENCING RECOMMENDATION

The defendant played an integral role in the Rodriguez drug trafficking organization, including picking up large quantities of fentanyl for redistribution in Oneida County. Fentanyl is a deadly drug and is a major contributor to fatal and nonfatal overdoses in the United States.[1]  The defendant knew and understood the danger of mixing drugs with fentanyl.  (PSR ¶30) In his own words, the defendant explained that he didn't care that fentanyl was deadly, he was in it for the money.  (Id.)  Consequently, a sentence of 120 months imprisonment is appropriate.

Respectfully submitted this 22nd day of March, 2024.

                Carla B. Freedman
                United States Attorney

                */s/ Tamara B. Thomson*
By:   Tamara B. Thomson
       Assistant United States Attorney
       Bar Roll No. 515310

---

[1] https://www.cdc.gov/stopoverdose/fentanyl/pdf/fentanyl_fact_sheet_508c.pdf (last accessed February 12, 2024)